BOGGS, Judge,
concurring specially and in judgment only.
The trial court in this case correctly denied the defendants’ motion for summary judgment, but I do not agree with all that is said in the majority’s opinion and Judge McFadden’s special concurrence. I therefore concur specially and in judgment only.
I agree with the majority’s conclusion that “neither the complaint nor McDade’s deposition testimony sets out any facts showing that a portion of his emotional distress arises solely from witnessing the injuries to his friend or could be apportioned to his nonphysical injuries as opposed to his physical injuries.” In my view, the indivisibility of McDade’s emotional injury resulting from a single physical impact in which he was also physically injured places this case within the scope ofrecovery allowed by the impact rule. See Lee v. State Farm Mut. Ins. Co., 272 Ga. 583, 588 (III) (533 SE2d 82) (2000).
I also agree with the analysis in Judge Andrews’ dissent regarding the pecuniary loss rule and its inapplicability to the facts presently before us.